# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: S.K. & A.K.

**FILED**

**March 13, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 16-0863 (Monongalia County 15-JA-44 & 15-JA-45)

## MEMORANDUM DECISION

Petitioner guardian ad litem Scott A. Shough appeals the Circuit Court of Monongalia County's August 16, 2016, order granting the children's father disposition pursuant to West Virginia Code § 49-4-604(b)(5).[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of petitioner's appeal. The children's father J.K., by counsel DeAndra Burton, filed a response supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in failing to terminate the father's parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2015, the DHHR filed an abuse and neglect petition against the parents that alleged issues of substance abuse and domestic violence in the home. In August of 2015, the circuit court held an adjudicatory hearing during which the parents entered stipulations to the allegations in the petition. Both parents further moved the circuit court for post-adjudicatory improvement periods. The circuit court thereafter granted the parents' motions and awarded them both post-adjudicatory improvement periods. It is undisputed that the father was not only compliant with services during his improvement period, but also made appropriate progress in implementing the lessons from those services.

Beginning in February of 2016, the father was incarcerated as a result of an unrelated criminal charge of attempted murder. The father was unable to post bond following his incarceration and remained in custody while he awaited trial. As a result, the father was unable to continue participating in services.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

In April of 2016, the circuit court extended the father's improvement period while he remained incarcerated. Additionally, the mother continued her compliance with services, and, in June of 2016, the circuit court returned the children to her custody. Following her successful completion of the post-adjudicatory improvement period, the circuit court dismissed the mother from the proceedings.

In August of 2016, the circuit court held a dispositional hearing in regard to the father, who remained incarcerated awaiting trial. Both the guardian ad litem and the DHHR recommended the circuit court terminate the father's parental rights because of his inability to participate in services. Instead, the circuit court imposed disposition under West Virginia Code § 49-4-604(b)(5) by allowing the children to remain in the mother's legal and physical custody. The circuit court based its ruling, in part, upon the presumption of innocence in criminal proceedings. According to the circuit court, it could not find that the father was unable to correct the conditions of abuse and neglect based solely upon his incarceration because he had not yet been convicted of a crime and, thus, could be released from incarceration.[2] The circuit court further found that "the testimony and evidence presented supports a finding that [the father] was compliant with the terms and conditions of his improvement period prior to his incarceration." As such, the circuit court declined to terminate the father's parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's dispositional decision below.

On appeal, both petitioner and the DHHR argue that the circuit court erred in failing to terminate the father's parental rights because there was no reasonable likelihood the father could substantially correct the conditions of abuse and neglect. Moreover, both petitioner and the

---

[2]Petitioner's criminal trial was originally scheduled for March 7, 2017. However, as of that date, petitioner's trial had been continued and no new trial date had been set.

DHHR argue that our prior holdings required termination of petitioner's parental rights. In support of this argument, both parties cite to our prior holdings, wherein we have stated that

> "[a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child[ren]." Syllabus Point 6, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991).

Syl. Pt. 4, *In re Faith C.*, 226 W.Va. 188, 699 S.E.2d 730 (2010). Petitioner and the DHHR's reliance on these holdings is misplaced, as the circuit court did not determine that the children should be returned to the father's custody. To the contrary, the circuit court implemented disposition under West Virginia Code § 49-4-604(b)(5), whereby it was permitted to place the children in the "care, custody, and control" of the mother.

Further, both petitioner and the DHHR are incorrect in arguing that the circuit court was required to terminate petitioner's parental rights pursuant to West Virginia Code § 49-4-604(b)(6) because there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected and termination was necessary for the children's welfare. In fact, the circuit court found exactly the opposite. The circuit court not only found that the father's constitutional rights and the presumption of innocence "prevent[ed] the [circuit] [c]ourt from making a finding that [the father] will be unable to remedy the conditions of abuse or neglect in the near future[,]" it also found that termination of his parental rights was inappropriate. These findings were based, in part, upon the fact that "the testimony and evidence presented support[] a finding that [the father] was compliant with the terms and conditions of his improvement period prior to his incarceration." As such, it is clear that the circuit court had the discretion to impose disposition under West Virginia Code § 49-4-604(b)(5).

Finally, in discussing a parent's incarceration in the context of abuse and neglect proceedings, we have held as follows:

> When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, syl. pt. 3. Having reviewed the record on appeal, the parties' arguments, and the pertinent legal authority, we find no error in the circuit court's finding that, due to the nature of the father's incarceration, the children's welfare did not

necessitate termination of parental rights. As outlined above, the circuit court was required to consider multiple factors because the father's incarceration was the sole issue raised at disposition. Under the specific circumstances of this case, we find no error in the circuit court's determination that the terms and length of petitioner's incarceration mitigated against termination of parental rights. As such, we find that the circuit court did not err in ordering disposition pursuant to West Virginia Code § 49-4-604(b)(5).

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 16, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  March 13, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker